# CIRCUIT COURT OF BALTIMORE CITY.

Filed May 25, 1928.

## EX PARTE TRUST ESTATE OF CABEL CALLOWAY, DECEASED.

*Paul Johannsen* and *W. Ashbie Hawkins* for trustees.

O'DUNNE, J.—

Testator died leaving an estate of some $10,000. Construction of a most curious will is sought by the trustees on behalf of those who, subject to certain contingencies, will ultimately, if not now, be entitled to distribution of the property.

The questions arise on the legal effect of clauses 4, 5 and 6 of the will, which are as follows:

4. "In providing for the support of my four grandchildren, Blanche, Bernice, Cabel and Elmer Calloway, children of my deceased son, Cabel Calloway, after all of the bequests that I have made I leave to my executor all the rest and residue of my estate in trust for my grandchildren the income to be paid to them share and share alike until they each become twenty-one years and to each the following houses to be transferred to them and be held by them until such grandchild shall become twenty-five years old and said houses shall become theirs absolutely.

5. "To Blanche Calloway, property 1004 Linden Ave.

To Bernice Calloway, property 1004 Druid Hill Ave.

To Cabel Calloway, property 1017 Druid Hill Ave.

To Elmer Calloway, property 692 Mulberry St. but if any of the above children shall die without issue or before arriving at the age of twenty-five years, their property shall become a part of my estate.

6. "If at the death of my wife the house willed to my grandson, Elmer Calloway, if not valued as much as the one willed my grandson, Cabel Calloway, enough money of my estate shall be used to bring up such valuation and deposited in bank under the same condition, he will inherit the house."

The will was drawn by an undertaker when the deceased was fast heading in the direction of his "funeral parlors." The undertaker appointed himself executor and trustee and then died. Under such circumstances, it is not surprising that the draftsman not only embalmed the remains of the deceased, but also embalmed his estate in legal difficulties naturally resulting from such gross ignorance as may be reasonably expected when an undertaker attempts to function as a lawyer, however good his technique may have been when engaged in his own line of work. *"Ne Sutor Ultra Crepidam"* applies with peculiar force.

After making certain bequests in clauses 1, 2 and 3 of said will, provision is attempted to be made in clause 4 for the creation of a trust estate for the benefit of four grandchildren of the testator (children of a deceased son), it leaves certain property therein mentioned to his embalming executor, in trust. (The executor named was also the undertaker who drew the will). He is now dead. Two trustees have since been appointed by this Court to administer the trust estate created by the will, said trustees being Paul Johannsen and W. Ashby Hawkins. The income from said property so left in trust is to be paid by said trustees in equal portions to the four grandchildren named, to wit: Blanche, Bernice, Cabel and Elmer Calloway. On the said Blanche Calloway reaching the age of 21 years, it would seem to me, the following absurd effect has been created by the will: The said property described as No. 1004 Linden avenue should be by said trustees conveyed to the said Blanche Calloway to be held by said Blanche Calloway in trust for

herself until she reaches the age of 25 years, and thereupon and in that event to become her's absolutely, free and discharged from the provisions of any trust; but in the event that the said Blanche Calloway shall die without issue before arriving at the age of 25 years, said property, 1004 Linden avenue, shall revert to and become part of the estate of the testator, subject to distribution as such under the laws of Maryland in case of intestacy, there being no provision in the will as to what shall become of said property in the contingency above described. In other words, it vests in her at 21 subject to be divested if she fails to attain the age of 25.

Like provision is made for Bernice Calloway as to property No. 1004 Druid Hill avenue, on exactly the same terms as those above described, and subject to the same limitations as to disposition under the laws of Maryland governing intestacy.

Like provision is made for Cabel Calloway as to No. 1017 Druid Hill avenue, subject to the same limitations above described; and a like provision to Elmer Calloway as to No. 692 Mulberry street, with the additional paragraph, however, in clause 6 of the will, as to the property of Elmer Calloway, 692 Mulberry street, that the value of said house shall be ascertained, *as of the time of the death of the wife of the testator*. If then found not to be of as great a value as No. 1017 Druid Hill avenue (willed to Cabel Calloway), enough money shall be drawn from the estate to make up any such deficiency in value, and said amount so drawn shall be deposited in bank, subject to the terms, conditions and limitations on which the said property. 692 Mulberry street, is willed to Elmer Calloway. The petition fails to allege what are the facts in this regard as to the value of this property at the time so specified.

With the exception of the trust provision in paragraph 5 as to the four properties above described, and specific bequests in paragraphs 1, 2 and 3, all the rest and residue of the estate is willed to the executor in trust, to pay the income therefrom, share and share alike, to each of the specifically named four grandchildren *until he or she shall become* 21 *years of age*. As to any surplus of said estate, other than the four described properties, there is no provision made for its distribution after each of the said grandchildren attain the age of 21 years. As to any such corpus, if any there be (other than the four mentioned properties on Linden avenue, Druid Hill avenue and Mulberry street) the will is silent. Therefore the testator died intestate as to the ultimate disposition of such corpus, if any there be. Intestate also as to the ultimate disposition of *all* of said property, aforesaid, in the event of the happening of the contingency above described, to wit: Death without issue of any one or more of the grandchildren named before arriving at the age of twenty-five years.

The petition filed on behalf of the four grandchildren named by the trustees asking construction of said will fails to disclose the present ages of any of said grandchildren named, so this Court is not *now* able to indicate whether any of such grandchildren has any present rights to present conveyance of any of said property other than his right to income or corpus of such grandchildren's trust estate; nor does said petition indicate whether the other legatees named in other clauses are alive or whether there is additional corpus other than the four houses described.

Present property rights cannot be decreed until testimony is taken or unless said matters are otherwise determined to the satisfaction of the Court. When, and as, these facts are determined, decree will be passed in accordance with these views.